### In re HALL'S ESTATE.

(*Supreme Court, General Term, First Department.* January 24, 1890.)

DESCENT AND DISTRIBUTION—LEGACY TAX—NON-RESIDENT DECEDENTS.

Laws N. Y. 1885, c. 483, § 1, imposes a tax on all property, "which shall pass by will * * * from any person who may die seised or possessed of the same, while being a resident of the state, or which property shall be within this state, or any part of such property, * * * to any person * * * other than" certain enumerated relatives. Section 11 provides that whenever any foreign executor shall transfer any stocks in this state, standing in the name of his testator, which shall be liable to such tax, the corporation shall become liable for the tax by permitting such transfer to be made without the tax having been paid. Section 15 gives jurisdiction to hear questions relative to such tax to the surrogate of the county in which the real estate of the decedent is situate, if the latter is not a resident of the state, or to the surrogate of the county in which decedent resided at the time of his death. *Held,* that the act imposed a tax only on the property of resident decedents. Following *In re Enston's Estate,* 21 N. E. Rep. 87.

Appeal from surrogate's court, New York county.

On the 31st day of May, 1887, upon the petition of the ancillary executor, an order was made by the surrogate of the county of New York appointing an appraiser to appraise the property of David F. Hall, deceased, for the purposes of taxation, under chapter 483 of the Laws of 1885. David A. Hall, the sole legatee and devisee under the last will and testament of said David F. Hall, deceased, duly filed and served objections to such proceedings. Thereafter the appraiser, in pursuance of such order of appointment, proceeded to appraise such property, and made a report thereof in writing, dated August 27, 1887, wherein and whereby, among other things, it was reported to the said surrogate "that said David F. Hall, deceased, was at the time of his death a resident and domiciled inhabitant of the state of Connecticut, and had been for twenty-five years prior to his death; that he left a last will and testament, which was duly admitted to probate in the probate district of Chatham, in the county of Middlesex and state of Connecticut; that in and by his said will he devised and bequeathed all his estate, real and personal, to his nephew, David A. Hall, the contestant herein; that the said David A. Hall is a resident of, and a domiciled inhabitant of, the state of Connecticut,

and resides and has resided there all his life." Said appraiser further reported to the said surrogate that all of the property exhibited to him for appraisement was within the city, county and state of New York, for safe-keeping, and for collection of interest and dividends, and for investment and reinvestment, in the hands of the attorneys and agents of said deceased. Said appraiser further reported that all of such property was devised to said David A. Hall, and that said David A. Hall was a nephew of said deceased, and is liable to pay a tax thereon, under chapter 483 of the Laws of 1885, to the amount of $12,419.94. Thereafter, to-wit, on the 27th of October, 1887, an order was made and entered by the surrogate of the county of New York overruling the objection of said David A. Hall to such appraisement, and confirming such appraiser's report, fixing the amount of such tax to be paid at the sum of $12,419.94, and directing that such amount be paid; with interest; from which said order said David A. Hall duly appealed to this court. Laws N. Y. 1885, c. 483, § 1, imposes a tax on all property "which shall pass by will * * * from any person who may die seised or possessed of the same while being a resident of the state, or which property shall be within this state, or any part of such property, * * * or income therefrom, transferred by deed, * * * intended to take effect, in possession or enjoyment, after the death of the grantor, * * * to any person * * * other than to or for the use of father, mother, husband, wife, children, brother and sister, and lineal descendants, born in lawful wedlock," etc. Section 11 provides that "whenever any foreign executor or administrator shall assign or transfer any stocks or loans in this state, standing in the name of a decedent, or in trust for a decedent, which shall be liable to the said tax, such tax shall be paid to the treasurer or comptroller of the proper county on the transfer thereof; otherwise the corporation permitting such transfer shall become liable to pay such tax." Section 15 provides that "the surrogate's court in the county in which the real property is situate of a decedent who was not a resident of the state, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this act."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. G. Duvall, Jr.,* for appellant.    *George W. Eastman,* for respondent.

PER CURIAM. The court of appeals seem to have decided in *Re Enston,* 113 N. Y. 174, 21 N. E. Rep. 87, that the property in question was not subject to taxation. The order should therefore be reversed, with $10 costs and disbursements.